FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 07 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

JAMAR HARRY,

                        Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
15-CR-0287-15 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 28, 2017, Jamar Harry pleaded guilty to a lesser-included offense within Count Five of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Jamar Harry is hereby sentenced to 51 months of incarceration, 3 years of supervised release, a forfeiture money judgment of $1,000,000.00, and a $100.00 special assessment.

## BACKGROUND

On July 15, 2015, the United States filed a seventy-five count Superseding Indictment against twenty-three defendants, including Jamar Harry ("Defendant"). *See* Superseding Indictment, ECF No. 48. On February 28, 2017, Defendant pleaded guilty to a lesser-included offense within Count Five of the Superseding Indictment, which charged a Narcotics Trafficking Conspiracy. *See* Plea Agreement ¶ 1, ECF No. 396.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . .

. the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now twenty-nine years old, was born in Brooklyn, New York on February 1, 1989. Presentence Investigation Report ("PSR") ¶ 41, ECF No. 459. He is one of five children born to the intact marriage of Godfrey and Janice Harry. *Id.* His parents, Guyanese immigrants, live in the Crown Heights neighborhood of Brooklyn, and are both healthy. *Id.* His father is a custodian and his mother is a self-employed caterer. *Id.* Defendant's parents and siblings are aware of Defendant's conviction, and while disappointed, they are supportive. *Id.*

Defendant was raised in a middle-income household in the Flatbush section of Brooklyn. He described a good relationship with both parents and his siblings. *Id.* ¶ 44. He is particularly close with his brother, and they speak by telephone daily. *Id.* Defendant described his childhood

as average and stated that he was raised in a "good family." *Id.* At the age of 17, he moved out of his parents' house to live with a cousin and an aunt. *Id.* Tragically, the cousin, Dwayne McDonald, died in 2014, at the age of 23, in a car accident. *Id.* At the time of his arrest, Defendant was living with his aunt in an apartment on Linden Avenue in Brooklyn. *Id.* ¶ 47.

Defendant has been involved in a romantic relationship with his fiancée, Kristal Barrington, for approximately 5 years. *Id.* ¶ 45. Ms. Barrington is healthy and works at a homeless shelter. *Id.* The couple has one child together, Janiyah Harry (age two at the time of the PSR), who is healthy. *Id.* She is cared for by Ms. Barrington's mother while she works. Defendant sees his daughter weekly during visits. *Id.* He is not court-ordered to pay child support. *Id.* Of note, Defendant's daughter was born on May 20, 2015, and Defendant was arrested on July 16, 2015. *Id.*

Defendant attended high school at Samuel J. Tilden High School in Brooklyn, last attending the school in approximately 2009. *Id.* ¶ 56. He left school as he believed it was easier and more efficient to obtain his General Education Development (GED). *Id.* As verified by the New York State Department of Education, Defendant received his GED Diploma on April 23, 2009. *Id.* ¶ 55. Defendant attended one semester of college, at Medgar Evers College in Brooklyn, in 2012. *Id.* ¶ 54. He was studying Computer Information Systems, but took a break from his studies and never returned. *Id.*

At the age of seventeen, Defendant was arrested for disorderly conduct for shoplifting. Defendant was sentenced to a one year conditional discharge and three days community service. *Id.* ¶ 33. At the age of 20, Defendant was arrested for criminal trespass in the Second Degree after he was observed running outside of the building through the back when an officer stopped Defendant and determined he did not live inside of the building. *Id.* ¶ 34.

Defendant became a member of the gangs Eight Trey Gangsta Crips ("Eight Trey") and Shoota Gang ("SG"), as well as an associate of the Outlaw Gangsta Crips ("OGC"). *Id.* ¶ 15. The OGC (or the "enterprise") was a gang comprised primarily of individuals residing in and around the East Flatbush neighborhood of Brooklyn, New York, and was a "set," or subgroup, of the Crips street gang. *Id.* ¶ 6. SG was an offshoot of OGC which included members and associates of OGC as well as members and associates of other gangs, including the Eight Trey, Bosses In Business and the Bloods. *Id.* Members and associates of OGC have engaged in drug trafficking, fraud, firearms trafficking and promoting prostitution, and have committed acts of violence, including murder, attempted murder, robbery and assault, as well as other crimes. *Id.* The purposes of OGC included enriching the gang; promoting and enhancing the gang's prestige, reputation, and position among rival gangs; preserving and protecting the gang's power, territory, and criminal ventures; maintaining fear of the gang in their victims and rivals; and concealing the gang's criminal activity from law enforcement. *Id.* ¶ 7.

Defendant was a street level narcotics distributor and sold cocaine base to various individuals. *Id.* ¶ 17. As stipulated to in the plea agreement, Defendant is accountable for at least 280 grams of cocaine base. *Id.* In addition, Defendant is responsible for distributing at least 47 Xanax pills. *Id.*

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's crime both provided dangerous and illegal drugs to his community and helped to fund unlawful gang activity. The Court's sentence recognizes the seriousness of this offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity and encourages him to sever his ties to Eight Trey, Shoota Gang, and the OGC. More generally, the Court's sentence sends a message to other gang members that a life of crime carries a risk of punishment that outweighs any potential gains. Finally, it also considers Defendant's family and community support and his desire to be a present father.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Narcotics Trafficking Conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Defendant also faces: a minimum term of supervised release of three years, 21 U.S.C. § 841(b)(1)(C); not less than one and no more than five years of probation, 18 U.S.C. § 3561(c)(1)[1]; a maximum fine of $1,000,000.00, 21 U.S.C. § 841(b)(1)(C);

---

[1] In the PSR, Probation states that Defendant is ineligible for probation because it is expressly precluded by statute. 21 U.S.C. § 841(b)(1)(C); *see* PSR ¶ 70. However, the text of the statute states that "the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment *if death or serious bodily injury* results." 21 U.S.C. § 841(b)(1)(C) (emphasis added). Since no known death or bodily injury occurred as a result of Defendant's crimes, Defendant is eligible for probation for not less than 1 and no more than 5 years. 18 U.S.C. § 3561(c)(1).

5

and a special assessment of $100.00, 18 U.S.C. § 3013. Under the plea agreement, Defendant faces a forfeiture money judgment of $1,000,000.00. *See* Plea Agreement ¶¶ 6-13.

### D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2D1.1 applies to violations of 21 U.S.C. § 846 and sets a base offense level of thirty. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(5) (Nov. 2016) ("USSG").

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. USSG §3E1.1(b). All parties agree that Defendant should receive a three-point reduction for acceptance of responsibility. However, the parties disagree regarding: 1) whether Defendant should receive a downward adjustment for his role in the offense; and 2) whether Defendant qualifies for a global resolution reduction under paragraph 15 of the plea agreement.

Under USSG § 3B1.2(b), "[i]f the defendant was a minor participant in any criminal activity, decrease [the offense level] by 2 levels." The Defense and the Government advocate that Defendant should receive a two-level reduction for his role in the offense. *See* Gov't Sentencing Mem. at 3 n.1, ECF No. 498; Def.'s Sentencing Mem. at 2-3, ECF No. 492.

Probation argues that neither a mitigating nor an aggravating role adjustment is warranted. *See* PSR ¶ 17; Addendum to PSR at 1, ECF No. 475.

USSG § 3B1.2, note 3(A) states:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.

"To obtain a sentence reduction for being a 'minor participant,' a defendant has the burden of establishing 'by a preponderance of the evidence that he or she is entitled to a reduction due to his or her reduced level of culpability.'" *United States v. LaValley*, 999 F.2d 663, 665 (2d Cir. 1993) (quoting *United States v. Soto*, 959 F.2d 1181, 1187 (2d Cir.1992)). Section 3B1.2 "applies to a defendant who was 'substantially less culpable than the average participant' in the offense [and that] . . . 'a lack of knowledge or understanding of the scope and structure of the enterprise' is indicative of a minor or minimal role." *LaValley*, 999 F.2d at 665 (quoting *United States v. Adames*, 901 F.2d 11, 13 (2d Cir.1990)).

Because this Court finds that Defendant was a minor participant in the criminal activity, Defendant's offense level is decreased by two levels. USSG § 3B1.2(b).

In Defendant's plea agreement, the Government estimated that the Defendant would receive a one-level reduction "for a global resolution pursuant to U.S.S.G. § 5K2.0 . . . only if the conditions set forth in Paragraph 15 [of the plea agreement] are satisfied." Plea Agreement ¶ 2. Paragraph fifteen, in turn, provided that the reduction would apply only if: 1) eighteen listed defendants pled guilty by March 1, 2017; and 2) those pleas were accepted by a United States District Court Judge at the time of the plea allocution or, if the plea was taken by a Magistrate

7

Judge, on or before March 15, 2017. *Id.* ¶ 15. At this time, several of the listed defendants have still not pled guilty. Probation notes, "as the defendant pled guilty by the proposed date, this may be a mitigating factor at sentencing. In this regard, a one-level reduction would reduce the total offense level to 26, which results in an advisory guideline range of 63 to 78 months custody." PSR ¶ 82. The Government argues that Defendant should not benefit from any reduction for a global resolution under the plea agreement because "[p]aragraph 15 . . . provided that the reduction would apply only if 18 listed defendants pled guilty by March 1, 2017. . . . Because that did not occur . . . the one-level reduction for a global resolution is not applicable." Gov't Sentencing Mem. at 3. The Defense, in its sentencing memorandum, states, "the Government agrees that Mr. Harry qualifies for Global Resolution two (2) point reduction under USSG 5K2.0." Def.'s Sentencing Mem. at 3. However, this mischaracterizes the Government's position. *See infra.* Second, even if all the covered defendants listed in paragraph 15 of the plea agreement had pled guilty by the deadlines, the reduction mentioned in the plea agreement for a global resolution was only for one level. Plea Agreement ¶ 2. In fact, the Defense acknowledged that only a one-level reduction was in play in its objection to the PSR. *See* ECF No. 467 at 2.

While the terms of the plea agreement were not met with respect to a global resolution, Defendant pled guilty by March 1, 2017. Given Defendant's role as a minor participant in the criminal activity, Defendant's influence over a global resolution is likely minimal.

With reductions for acceptance of responsibility, Defendant's role as a minor participant, and the fact that Defendant pled guilty by March 1, 2017, Defendant's total offense level is twenty-four.

Defendant's prior convictions for disorderly conduct and criminal trespass in the second degree provide for a criminal history score of zero, which corresponds to a criminal history category of one. *Id.* ch. 5, pt. A.

Given a total offense level of twenty-four and a criminal history category of one, the Guidelines suggest a term of imprisonment of between fifty-one to sixty-three months. *Id.* Defendant may also be sentenced to a term of supervised release of three years, *id.* § 5D1.2(a)(2)[2]; a fine of between $10,000.00 and $1,000,000.00, *id.* § 5E1.2(c)(4), (h)(1); and payment of the costs of prosecution, *id.* § 5E1.5. The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1, n.2.

The U.S. Probation Department recommends a sentence of seventy months of imprisonment followed by three years of supervised release with special conditions. *See* Sentence Recommendation at 1, ECF No. 459-1. Defense counsel seeks a sentence of twenty-four months of imprisonment and three years of supervised release and requests that the Court consider that fact that Defendant is "very unlike the other defendants under indictment." Def.'s Sentencing Mem. at 4. Counsel further notes Defendant "respects people and has a value system he lives by," and "[i]t is highly unlikely a young man with this type of support system will return to the criminal justice system." *Id.* at 4. The Government requests a sentence within the advisory Guidelines range of fifty-seven to seventy-one months. Gov't Sentencing Mem. at 1.

---

[2] The Guidelines suggest a supervised release term of one to three years. *See* USSG § 5D1.2(a)(2). However, the statutory minimum is three years. 21 U.S.C. § 841(b)(1)(C).

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant is one of twenty-three defendants in this case, and the Court will craft a unique sentence for each defendant. For the reasons stated in this memorandum and order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, see 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 51 months of incarceration, to be followed by 3 years of supervised release, a forfeiture money judgment of $1,000,000.00, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and addendum thereto and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 6, 2018
       Brooklyn, New York